# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5135**

**September Term, 2020**

**1:20-cv-00247-UNA**

**Filed On:** October 19, 2020

Ade Olumide,

      Appellant

   v.

United States Attorney General, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**   Rogers and Walker, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motions to appoint counsel or amicus, and the motion for relief pursuant to Rule 44, it is

**ORDERED** that the motions to appoint counsel or amicus be denied. In civil cases, appellants are not entitled to appointment of counsel or amicus curiae when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for relief pursuant to Rule 44 be denied. Federal Rule of Appellate Procedure 44(a) requires certification to the Attorney General if a party questions the constitutionality of an Act of Congress in a proceeding in which the United States or its agency, officer, or employee is not a party in an official capacity. In this case, the U.S. Attorney General is an appellee. Rule 44(b) requires certification to the attorney general of a state if a party questions the constitutionality of a state statute in a proceeding in which that state or its agency, officer, or employee is not a party in an official capacity. But in this case, appellant has not presented a constitutional challenge to a state statute. Insofar as appellant seeks any other form of

relief in this motion, he has not demonstrated that he is entitled to such relief.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's April 15, 2020 order dismissing appellant's complaint be affirmed.  The district court correctly concluded that appellant lacked standing to pursue his claim that it is unlawful for a member of Congress to change political parties, because he has identified no particularized injury to himself resulting from such a practice.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (in order to satisfy the "irreducible constitutional minimum of standing," a plaintiff must have suffered an injury that is concrete and particularized, and actual or imminent, not conjectural or hypothetical).  The district court also correctly concluded that it lacks authority either to direct Congress to alter its rules with respect to political party membership, see Loving v. United States, 517 U.S. 748, 757 (1996) (noting that it is "a basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another"), or to direct the Department of Justice to issue a legal opinion or take enforcement action, see Heckler v. Chaney, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk